MELMED LAW GROUP P.C.
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Laura Supanich (SBN 314805)
lms@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828
Fax: (310) 862-6851

Attorneys for Plaintiff, the Putative Class,
and the Aggrieved Employees

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PEREZ, an individual, MICHELLE RAITH, an individual, RAUL ALFARO, an individual, and SHARI BAUGH, an individual, on behalf of themselves, the State of California, as private attorneys general, and on behalf of all others similarly situated, <br><br>     Plaintiff, <br><br>     v. <br><br> TRAX RETAIL, INC., a Delaware corporation; BET Information Systems, Inc. dba Survey.com, a Delaware corporation, and DOES 1 TO 50, <br><br>     Defendants. | Case Number: 3:24-cv-00333-LL-DDL <br><br> **First Amended Class and PAGA Representative Action Complaint For:** <br><br> **1.**   Willful Misclassification as Independent Contractor (Labor Code § 226.8), <br><br> **2.**   Failure to Pay All Minimum Wages, <br><br> **3.**   Failure to Pay All Overtime Wages, <br><br> **4.**   Failure to Provide Rest Periods and Pay Missed Rest Period Premiums, <br><br> **5.**   Failure to Provide Meal Periods and Pay Missed Meal Period Premiums, <br><br> **6.**   Failure to Maintain Accurate Employment Records, <br><br> **7.**   Failure to Pay Wages Timely during Employment, <br><br> **8.**   Failure to Pay All Wages Earned and Unpaid at Separation, |



9.  Failure to Indemnify All Necessary Business Expenditures,

10. Failure to Furnish Accurate Itemized Wage Statements,

11. Violations of California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200–17210), and

12. Penalties Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA") for Violations of California Labor Code Sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 256, 510, 512, 1174, 1174.5,1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2084, and Other Provisions of the Labor Code.

**<u>Demand for Jury Trial</u>**

State Action Filed:  January 16, 2024
Removal Date:        February 22, 2024

Plaintiffs Ana Perez, Michelle Raith, Raul Alfaro, and Shari Baugh ("Plaintiffs"), on behalf of themselves, the State of California, as a private attorney general, and all other similarly situated employees within the State of California, complains and alleges of defendants Trax Retail, Inc., BET Information Systems, Inc. dba Survey.com, and Does 1 to 50 (collectively, "Defendants"), and each of them, as follows:

## I.    **INTRODUCTION**

1.    This is a class action complaint brought pursuant to California Code of Civil Procedure section 382.

2.    The "Class Period" as used herein, is defined as the period from January 16, 2020, and continuing into the present and ongoing. Defendants' violations of California's laws as described more fully below have been ongoing throughout the Class Period and are still ongoing.

3.    Plaintiffs brings this class action on behalf of themselves and the following class: *All individuals who are or were employed by Defendants as non-exempt employees in California during the Class Period* (the "Class Members"). (Code Civ. Proc., § 382.)

4.    Plaintiffs bring this action on behalf of themselves and the Class Members, as a class action, against Defendants for:

A.    Failure to pay all minimum wages,

B.    Failure to pay all overtime wages,

C.    Failure to provide rest periods and pay missed rest period premiums,

D.    Failure to provide meal periods and pay missed meal period premiums,

E.    Failure to maintain accurate employment records,

F.    Failure to pay wages timely during employment,

G.    Failure to pay all wages earned and unpaid at separation,

H.    Failure to indemnify all necessary business expenditures,

I.    Failure to furnish accurate itemized wage statements, and

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

J.    Violations of California's Unfair Competition Law ("UCL") (Bus. & Prof. Code, §§ 17200–17210).

5.    This action is also a representative action brought pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), codified at California Labor Code sections 2698 through 2699.6.

6.    The "PAGA Period" as used herein, is defined as the period from January 15, 2023, and continuing into the present and ongoing.

7.    This PAGA action is brought on behalf of Plaintiffs, the State of California as private attorney general, and on behalf of the following aggrieved employees: *All individuals who are or were employed by Defendants as non-exempt employees in California during the PAGA Period* (the "Aggrieved Employees").

8.    Plaintiffs are informed and believe and thereon allege that the California Industrial Welfare Commission ("IWC") Wage Order applicable to the facts of this case is IWC Wage Order 7-2001 (the "Applicable Wage Order") and possibly others that may be applicable. (Cal. Code of Regs., tit. 8, § 11070.) Plaintiff reserves the right to amend or modify the definition of "Applicable Wage Order" with greater specificity or add additional IWC Wage Orders if additional applicable wage orders are discovered in litigation.

## II.    <u>JURISDICTION & VENUE</u>

9.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, section 10, of the California Constitution and Code of Civil Procedure section 410.10 because this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1  **III.**    **THE PARTIES**

2       **A.    PLAINTIFFS**

3       10.    At all relevant times, Plaintiffs, who are over the age of 18, were and

4  currently are citizens of California residing in the State of California. Defendants

5  employed Plaintiffs as non-exempt hourly employees.

6       11.    Plaintiffs bring this action on behalf of themselves and the following class

7  pursuant to section 382 of the Code of Civil Procedure as follows: *All individuals who*

8  *are or were employed by Defendants as non-exempt employees in California during the*

9  *Class Period* (the "Class Members").

10      12.    Plaintiffs also bring this action on behalf of themselves and the State of

11 California, as private attorneys general, and on behalf of the following group of

12 aggrieved employees: *All individuals who are or were employed by Defendants as non-*

13 *exempt employees in California during the PAGA Period* (the "Aggrieved Employees").

14      13.    The Class Members and the Aggrieved Employees, at all times pertinent

15 hereto, are or were employees of Defendants during the relevant statutory period.

16      **B.    DEFENDANTS**

17      14.    Plaintiffs are informed and believe and thereon allege that Defendants were

18 authorized to and doing business in California and are and/or were the legal employers

19 of Plaintiffs, the other Aggrieved Employees, and the other Class Members during the

20 applicable statutory periods. Plaintiff, the other Aggrieved Employees, and the other

21 Class Members were, and are, subject to Defendants' policies and/or practices

22 complained of herein and have been deprived of the rights guaranteed to them by:

23 California Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 510,

24 512, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and

25 others that may be applicable; California Business and Professions Code sections 17200

26 through 17210 ("UCL"); and the Applicable Wage Order (Cal. Code of Regs., tit. 8, §

27 11070).

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

15.    Plaintiffs are informed and believe, and based thereon allege, that during the Class Period and PAGA Period, Defendants did (and continue to do) business in the State of California.

16.    Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as Does 1 to 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this complaint when such true names and capacities are discovered. Plaintiffs are informed, and believe, and thereon allege, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs, the other Aggrieved Employees, and the other Class Members to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

17.    Plaintiffs are informed, and believe, and thereon allege, that at all times mentioned herein, Defendants were and/or are the employers of Plaintiffs, the other Aggrieved Employees, and the other Class Members. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, representatives, and employees of each and every one of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency, representation, and employment. Defendants, and each of them, approved of, condoned, or otherwise ratified every one of the acts or omissions complained of herein.

18.    Plaintiffs are further informed, and believe, and thereon allege, that at all times mentioned herein, that Defendants, and each of them, are the alter egos of one another and that there existed and now exists a unity of interest and ownership between them such that the individuality and separateness of each of them has ceased. Plaintiffs are further informed, and believe, and thereon allege, that at all times mentioned herein,

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1  that Defendants, and each of them, have been and now are mere shells and naked
2  frameworks that their principal uses for the conduct of that Defendants' own business,
3  property, and affairs, for which Defendants, and each of them, have concealed and
4  misrepresented their identities as the entities responsible for their ownership,
5  management, and financial interests.

6      19.    Plaintiffs are further informed, and believe, and thereon allege, that at all
7  times mentioned herein, Defendants, and each of them, were members of and engaged
8  in a joint venture, partnership, and common enterprise, and acting within the course and
9  scope of and in pursuance of said joint venture, partnership, and common enterprise.
10  Further, Plaintiffs are informed, and believe, and thereon allege, that all Defendants were
11  joint employers for all purposes of Plaintiffs, the other Aggrieved Employees, and the
12  other Class Members.

13  **IV.**    **COMMON FACTS & ALLEGATIONS**

14      20.    Plaintiffs, the other Class Members, and the Aggrieved Employees are, and
15  were at all relevant times, employed by the Defendants within the State of California.

16      21.    Plaintiffs, the other Class Members, and the Aggrieved Employees are, and
17  were, at all relevant times, non-exempt employees for the purposes of minimum wages,
18  overtime, rest breaks, meal periods, and the other claims alleged in this complaint.

19      22.    Specifically, Plaintiffs were employed by Defendants within the statutory
20  Class Period and PAGA Period, working as hourly, non-exempt stockers for Defendants.

21      **A.**    **WILLFUL MISCLASSIFICATION**

22      23.    Section 226.8 of the Labor Code lists specific penalties in the event of a
23  finding of willful misclassification. For individual cases where there was no pattern or
24  practice of willful misclassification, penalties are specified under Labor Code section
25  226.8, subdivision (b), as: "not less than five thousand dollars (**$5,000**) and not more
26  than fifteen thousand dollars (**$15,000**) for each violation, in addition to any other
27  penalties or fines permitted by law." However, where a court issues a determination that
28  "a person or an employer . . . has engaged of a **pattern or practice** of [willful

misclassification], the person or employer shall be subject to a civil penalty of not less than ten thousand dollars (**$10,000**) and not more than twenty-five thousand dollars (**$25,000**) for each violation, in addition to any other penalties or fines permitted by law." (Lab. Code, § 226.8, subd. (c).)

24. Here, there is a clear pattern-and-practice of willful misclassification for each of the Aggrieved Employees. Defendants have maintained a business of hiring individuals as "independent contractors" and established thorough policies to ensure Aggrieved Employees appear on paper to be treated as such.

25. Defendants operate and, at all relevant times, have done and do business in California. Plaintiffs typically worked over eight to twelve hours per shift. Defendants, in the course of operating their business in California, employed Plaintiffs, even though they were misclassified as independent contractors. Under applicable standards of law, Plaintiffs were Defendants' employees and were not independent contractors.

26. To work for Defendants, Plaintiffs were required to fill out and upload a thorough and robust application. Once the application was completed, Plaintiffs were required to participate in numerous hours of video training with Defendants. This pre-employment mandatory training, which covers Defendants' policies, practices and procedures, and which support an employer-employee finding, can take several days and sometimes longer to complete. Defendants also provided Plaintiffs with a document instructing them how to stock items/complete on site jobs.

27. Defendants scheduled Plaintiffs for various "gigs" during their employment, often times multiple gigs per day. Plaintiffs appeared at each location with a Trax/Survey.com ID card to identify themselves for the job. They were also required to wear a uniform for each job. Plaintiffs were only paid per job, not for the time driving between jobs, completing paperwork, preparing items for the job, and communicating with the project managers. Failure to comply with Defendants' policies, practices, and procedures would result in termination.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

28.    *Dynamex Operations West, Inc. v. Superior Court* (2018) WL 1999120 at *29, set forth the standard for determining whether an individual performing work is an independent contractor or an employee, as follows:

> We find merit in the concerns noted above regarding the disadvantages, particularly in the wage and hour context, inherent in relying upon a multifactor, all the circumstances standard for distinguishing between employees and independent contractors. As a consequence, we conclude it is appropriate, and most consistent with the history and purpose of the suffer or permit to work standard in California's wage orders, to interpret that standard as: (1) placing the burden on the hiring entity to establish that the worker is an independent contractor who was not intended to be included within the wage order's coverage; and (2) requiring the hiring entity, in order to meet this burden, to establish *each* of the three factors embodied in the ABC test – namely (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and* (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

29.    The standard – set forth by the California Supreme Court and codified in 2020 as California Assembly Bill 2257 – is commonly referred to as the "ABC test." Under the ABC Test, Defendants have the burden of establishing that Plaintiffs were independent contractors and not intended to be included within the wage order's coverage. Further, Defendants must establish that Plaintiffs met all three factors of the ABC test, which they did not meet.

30.     At all times, Defendants retained the right to control the method and manner of how Plaintiffs performed their job duties, and retained all necessary control over Plaintiffs during their employment. As described above, Plaintiffs were required to follow detailed requirements imposed on them by Defendants governing their interaction with customers.

31.     Further, Defendants set job rates, and direct when and where to drive to conduct jobs scheduled by Defendants. Plaintiffs dressed for their scheduled appointments according to Defendants' dress code, and were paid by Defendants per job completed. Defendants tracked and monitored the amount of time Plaintiffs spent on each job through the app installed on Plaintiffs' personal cell phone.

32.     As a result, under applicable law, Plaintiffs were employees of Defendants. (*See* Labor Code § 226.8; *see also Dynamex Operations West, Inc. v. Superior Court* (2018) 2018 WL 1999120 at *29; *Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.App.4th 522; *Ruiz v. Affinity Logistics Corp.* (9th Cir. 2014) 754 F.Supp.3d 1093 [employer's right to control detail of drivers' work supports finding of employer-employee relationship]; *See also Alexander v. FedExGround Package System, Inc.* (9th Cir. 2014) 765 F.Supp.3d 381 [drivers were employees as a matter of law where FedEx controlled when packages would be delivered]; *see also Taylor v. Shippers Transport Express, Inc.* (C.D. Cal. 2014) 2014 W.L. 7499046 [finding employee status for drivers as a matter of law]; and *Villapando v. Excel Direct, Inc.*, 2015 WL 15179486 (N.D. Cal. 2015) [granting summary judgment to Claimants on Defendant's defense that the drivers at issue were independent contractors].)

33.     Through the performance of their job duties, Plaintiffs performed an integral and entirely essential aspect of Defendants' business. Thus, Plaintiffs were the individuals who were performing the work that Defendants are being paid by their customers to provide. At Defendants' customers' requests and per Defendants' directions and schedules, Plaintiffs provide services at each customer's address. As such,

there can be no doubt that Plaintiffs were performing work in the usual course of Defendants' business.

34.     Plaintiffs were not operating an independent business. They were providing services to Defendants and Defendants' customers, using Defendants' cell phone app in compliance with Defendants' policies, practices, and procedures. In short, Plaintiffs were holding themselves out to the public as employees of Defendants, not as independent businesses.

35.     Because Defendants cannot meet any part of the ABC test, it is clear Defendants intentionally and willfully misclassified Plaintiffs as independent contractors in violation of Labor Code section 226.8(a). Moreover, the willful misclassification was part of a pattern or practice of willfully misclassifying employees. Plaintiffs are, therefore, entitled to the stepped-up penalties set forth in Labor Code section 226.8(c).

36.     These penalties are recoverable in a private action brought by a PAGA representative plaintiff pursuant to Labor Code section 2698, subdivision (a), which allows one person to pursue penalty claims on behalf of other similarly situated individuals. (See *Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 337–338 [no private right of action directly under Labor Code section 226.8 but misclassification claims are enforceable either in an action initiated by the Labor Commissioner or through a PAGA representative action].)

### B.     MINIMUM WAGE VIOLATIONS

37.     Labor Code section 1197 requires employees to be paid at least the minimum wage fixed by the IWC, and any payment of less than the minimum wage is unlawful. Similarly, Labor Code section 1194 entitles "any employee receiving less than the legal minimum wage . . . to recover in a civil action the unpaid balance of the full amount of this minimum wage." Likewise, the Applicable Wage Order also obligates employers to pay each employee minimum wages for all hours worked. (Cal. Code of

Regs., tit. 8, § 11070.) Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit.

38.    These minimum wage standards apply to each hour that employees work. Therefore, an employer's failure to pay for any particular time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage. (*Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324.)

39.    Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods. Plaintiffs, the Class Members, and the Aggrieved Employees were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and the Applicable Wage Order.

40.    Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

41.    When employees, such as the Class Members, are not paid for all hours worked under Labor Code section 1194, they are entitled to recover minimum wages for the time which they received no compensation. (See *Sillah v. Command International Security Services* (N.D. Cal. 2015) 154 F.Supp.3d 891 [employees suing for failure to pay overtime could recover liquidated damages under Labor Code section 1194.2 if they also showed they were paid less than minimum wage].)

42.    Labor Code section 1197.1 authorizes employees who are paid less than the minimum wage fixed by an applicable state or local law, or by an order of the IWC, a civil penalty, among other damages, as follows:

(1)    "For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

employee for each pay period for which the employee is underpaid."

(2)    "For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed." (Lab. Code, § 1197.1, subd. (a).)

43.    As set forth above, Defendants failed to fully compensate Plaintiffs, the Class Members, and the Aggrieved Employees for all minimum wages. Accordingly, the Class Members are entitled to recover liquidated damages for violations of Labor Code section 1197.1.

44.    Based upon these same factual allegations, the Class Members are likewise entitled to penalties under Labor Code sections 1199.

**C.    OVERTIME VIOLATIONS**

45.    Labor Code section 510 requires employers to compensate employees who work more than eight hours in one workday, forty hours in a workweek, and for the first eight hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a).) Further, Labor Code section 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve hours in a day or more than eight hours on the seventh consecutive day of work. (Lab. Code, § 510, subd. (a).) These rules are also reflected in the Applicable Wage Order.

46.    In accordance with Labor Code section 1194 and the Applicable Wage Order, Plaintiffs, the Class Members, and the Aggrieved Employees could not then agree and cannot now agree to work for a lesser wage than the amount provided by Labor Code sections 510 or the Applicable Wage Order.

47.    Here, Defendants violated their duty to accurately and completely compensate Plaintiffs, the Class Members, and the Aggrieved Employees for all

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

overtime worked. Plaintiffs, the Class Members, and the Aggrieved Employees periodically worked hours that entitled them to overtime compensation under the law but were not fully compensated for those hours.

48.     These actions were and are in clear violation of California's overtime laws as set forth in Labor Code sections 510, 1194, 1199, and the Applicable Wage Order. (Cal. Code of Regs., tit. 8, § 11070.) As a result of Defendants' faulty policies and practices, Plaintiffs, the Class Members, and the Aggrieved Employees were not compensated for all hours worked or paid accurate overtime compensation.

### D.     REST BREAK VIOLATIONS

49.     Pursuant to Labor Code section 226.7 and the Applicable Wage Order, Defendants were and are required to provide Plaintiffs, the Class Members, and the Aggrieved Employees with compensated, duty-free rest periods of not less than ten minutes for every major fraction of four hours worked. Under the Applicable Wage Order, an employer must authorize and permit all employees to take ten minute duty free rest periods for every major fraction of four hours worked. (Cal. Code of Regs., tit. 8, § 11070.)

50.     Likewise, Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . ." (Lab. Code, § 226.7, subd. (b).) Labor Code section 226.7 also provides that employers must pay their employees one additional hour of pay at the employee's regular rate for each workday that a "meal or rest or recovery period is not provided." (Lab. Code, § 226.7, subd. (c).) The "regular rate" for these purposes must factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.) Thus, the Wage Orders set when and for how long the rest period must take place and the Labor Code establishes that violations of the IWC Wage Orders

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

are unlawful and sets forth the premium pay employer must pay their employees when employers fail to provide rest periods.

51.    The California Supreme Court has held that, during required rest periods, "employers must relieve their employees of all duties and relinquish any control over how employees spend their break time." (*Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 260.) Relinquishing control over employees during rest periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Id.* at p. 275.) The *Brinker* Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> "An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—it has violated the wage order and is liable." (*Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1033.)

52.    Here, Defendants periodically did not permit Plaintiffs, the Class Members, and the Aggrieved Employees to take compliant duty-free rest breaks, free from Defendants' control as required by Labor Code section 226.7, the Applicable Wage Order, and applicable precedent. (See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."].) At all relevant times, Plaintiffs, the Class Members, and the Aggrieved Employees were periodically not provided with legally-compliant and timely rest periods of at least ten minutes for each four hour work period, or major fraction thereof due to Defendants' unlawful rest period policies/practices. Plaintiffs, the Class Members, and the Aggrieved Employees were often expected and required to continue working through rest periods to meet the expectations Defendants and finish the workday. In some cases when

Plaintiffs, the Class Members, and the Aggrieved Employees worked more than ten hours in a shift, Defendants failed to authorize and/or permit a third mandated rest period. As a result, Plaintiffs, the Class Members, and the Aggrieved Employees were periodically unable to take compliant rest periods.

53.    In such cases where Defendants did not offer Plaintiffs, the Class Members, and the Aggrieved Employees the opportunity to receive a compliant off-duty rest period, "the court may not conclude employees voluntarily chose to skip those breaks." (*Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 410 (2015) ["If an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."]; *Brinker Rest. Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033 ["No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it."].)

54.    In addition to failing to authorize and permit compliant rest periods, Plaintiffs, the Class Members, and the Aggrieved Employees were not compensated with one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period in accordance with Labor Code section 226.7, subdivision (c). Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Order.

55.    Based on the foregoing, Plaintiffs seek to recover, on behalf of themselves and other non-exempt employees, rest period premiums and penalties.

**E.    MEAL BREAK VIOLATIONS**

56.    Labor Code section 512 and the Applicable Wage Order require employers to provide employees with a thirty-minute uninterrupted and duty-free meal period within the first five hours of work. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."]; Cal. Code of Regs., tit. 8, § 11070 ["No employer shall employ any person for a work period of more than

five (5) hours without a meal period of not less than 30 minutes . . . ."].) Additionally, an employee who works more than ten hours per day is entitled to receive a second thirty-minute uninterrupted and duty-free meal period. (Lab. Code, § 512, subd. (a) ["An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."].)

57.    "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal.App.5th 926, 932.) The written agreement must include a provision allowing the employee to revoke it at any time. (*Ibid.*) Generally, the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE") and courts have "found that the nature of the work exception applies: (1) where the work has some particular external force that requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (*Id.* at p. 945, internal quotation marks omitted; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958– 959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 946.)

58.    Here, Plaintiffs, the Class Members, and the Aggrieved Employees were never asked to sign any enforceable document agreeing to an on-duty meal period. Moreover, nothing in the nature of their work involved the kind of "external force" that might justify on-duty meal breaks. (*Lubin v. The Wackenhut Corp.*, *supra*, 5 Cal.App.5th at p. 945.) Nevertheless, Defendants periodically did not provide compliant off-duty meal periods within the first five hours of work for Plaintiffs, the Class Members, and the Aggrieved Employees.

59.    As with rest breaks, meal breaks must be duty-free. (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1035 ["The IWC's wage orders have

long made a meal period's duty-free nature its defining characteristic."].) Relinquishing control over employees during meal periods requires that employees be "free to leave the employer's premises" and be "permitted to attend to personal business." (*Augustus v. ABM Security Services, Inc.*, *supra*, 2 Cal.5th at p. 275.) Under Labor Code section 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the Labor Code and/or applicable IWC Wage Order), "it has violated the wage order and is liable." (*Brinker Restaurant Corp. v. Superior Court*, *supra*, 53 Cal.4th at p. 1033.)

60.    During the applicable statutory periods here, Plaintiffs, the Class Members, and the Aggrieved Employees were periodically denied legally-compliant and timely off-duty meal periods of at least thirty minutes due to Defendants' unlawful meal period policy and practices. As a result of Defendants' uniform meal period policies and practices, Plaintiffs, the Class Members, and the Aggrieved Employees were often not permitted to take compliant first meal periods before the end of the fifth hour of work. Plaintiffs, the Class Members, and the Aggrieved Employees were also periodically not permitted to take second meal periods for shifts in excess of ten hours. Defendants thus violated Labor Code section 512 and the Applicable Wage Order by failing to advise, authorize, or permit Plaintiffs, the Class Members, and the Aggrieved Employees to receive thirty-minute, off-duty meal periods within the first five hours of their shifts.

61.    Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." (Lab. Code, § 226.7, subd. (b).) Labor Code section 226.7, subdivision (c), and the Applicable Wage Order further obligate employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. (Lab. Code, § 226.7, subd. (c); Cal. Code of Regs., tit. 8, § 11070 ["If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1)

hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."].) The "regular rate" for these purposes must factor in all nondiscretionary payments for work performed by the employee, including non-discretionary bonuses, commissions, and other forms of wage payments exceeding the employees' base hourly rate. (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 878.)

62.    Accordingly, for each day that Plaintiffs, the Class Members, and the Aggrieved Employees did not receive compliant meal periods, they were and are entitled to receive meal period premiums pursuant to Labor Code section 226.7 and the Applicable Wage Order. Defendants, however, failed to pay Plaintiffs, the Class Members, and the Aggrieved Employees applicable meal period premiums for many workdays that the employees did not receive a compliant meal period. Thus, Defendants have violated Labor Code section 226.7 and the Applicable Wage Order.

63.    Based on the foregoing, Plaintiffs seek to recover, on behalf of themselves and other non-exempt employees, meal period premiums and penalties.

**F.    UNTIMELY WAGES DURING EMPLOYMENT**

64.    Labor Code section 204 expressly requires employers who pay employees on a weekly, biweekly, or semimonthly basis to pay all wages "not more than seven calendar days following the close of the payroll period." Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of:

"(1)    For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

"(2)    For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." (Lab. Code, § 210, subd. (a).)

65.    Notably, the penalty provided by Labor Code section 210 is "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article . . . ." (Lab. Code, § 210, subd. (a).)

66.    Due to Defendants' failure to pay Plaintiffs, the Class Members, and the Aggrieved Employees the wages described above, along with rest and meal break premiums, Defendants failed to timely pay Plaintiffs, the Class Members, and the Aggrieved Employees within seven calendar days following the close of payroll in accordance with Labor Code section 204 on a regular and consistent basis. (See *Parson v. Golden State FC, LLC* (N.D. Cal., May 2, 2016, No. 16-CV-00405-JST) 2016 WL 1734010, at p. *3–5, 2016 U.S. Dist. LEXIS 58299 [finding that a failure to pay rest period premiums can support claims under Labor Code sections 203 and 204].)

## G.    UNTIMELY WAGES AT SEPARATION

67.    Labor Code section 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" for up to thirty days. (Lab. Code § 203; *Mamika v. Barca* (1998) 68 Cal.App.4th 487, 492.) As a result of Defendants' failure to pay Plaintiffs, the Class Members, and the Aggrieved Employees for the wages described above, along with rest and meal break premiums, Defendants violated and continue to violate Labor Code section 203.

68.    Due to Defendants' faulty pay policies, those Class Members whose employment with Defendants concluded were not compensated for each and every hour worked at the appropriate rate. Defendants have failed to pay formerly-employed Class Members whose sums were certain at the time of termination within at least seventy-two hours of their resignation and have failed to pay those sums for thirty days thereafter.

## H.    FAILURE TO REIMBURSE BUSINESS EXPENSES

69.    At all relevant times herein, Defendants were subject to Labor Code section 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the

discharge of his or her duties, or of his or her obedience to the directions of the employer." The purpose of this section is to "prevent employers from passing along their operating expenses onto their employees." (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 562.)

70.     At all relevant times herein, Defendants were subject to Labor Code section 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

71.     Thus, Plaintiffs, the Class Members, and the Aggrieved Employees were and are entitled to reimbursement for the expenses they incurred during the course of their duties. The duty to reimburse even extends to the use of equipment the employee may already own and would be required to pay for anyway. (*Cochran v. Schwan's Home Serv., Inc.* (2014) 228 Cal.App.4th 1137, 1144 ["The threshold question in this case is this: Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job? The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee."].)

72.     Here, Defendants failed to fully reimburse the Class Members Plaintiffs, the Class Members, and the Aggrieved Employees for necessary expenditures incurred as a direct consequence and requirement of performing their job duties, including the costs associated with their personal cell phone they required to perform their work. Consequently, Defendants failed to comply with Labor Code section 2802.

I.     **WAGE STATEMENT VIOLATIONS**

73.     Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code sections 226, subdivisions (a)(1), (2), (5), and (9). Labor

Code section 226, subdivision (a), obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

    (1)    The gross wages earned;

    (2)    The total hours worked by the employee;

    (3)    The number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis;

    (4)    All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

    (5)    The net wages earned;

    (6)    The inclusive dates of the period for which the employee is paid;

    (7)    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

    (8)    The name and address of the legal entity that is the employer; and

    (9)    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

74.    Due to Defendants' failure to pay Plaintiffs, the Class Members, and the Aggrieved Employees properly as described above, the wage statements issued do not indicate the correct amount of gross wages earned, total hours worked, or the net wages earned, or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. Thus, Defendants have violated Labor Code section 226, subdivisions (a)(1), (2), (5), and (9).

75.    In addition to Labor Code section 226, subdivision (a), Defendants also knowingly and intentionally failed to provide Plaintiffs, the Class Members, and the Aggrieved Employees with accurate itemized wage statements in violation of Labor Code section 226, subdivision (e). Defendants knew that they were not providing Plaintiffs, the Class Members, and the Aggrieved Employees with wage statements required by California law but nevertheless failed to correct their unlawful practices and policies. (See *Garnett v. ADT LLC* (E.D. Cal. 2015) 139 F.Supp.3d 1121, 1134 [finding the defendant knowingly and intentionally violated Labor Code section 226 because the "[d]efendant knew that it was not providing total hours worked to plaintiff or other employees paid on commission" even though it believed that employees paid solely on commission or commission and salary "are exempt and therefore we do not record hours on a wage statement."].)

## J.    RECORDKEEPING VIOLATIONS

76.    Labor Code section 226, subdivision (a), requires employers to keep an accurate record of, among other things, all hours worked by employees. Labor Code section 226.3 provides, in pertinent part, as follows:

> "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law." (Lab. Code, § 226.3, emphasis added.)

77.    Likewise, Labor Code section 1174, subdivision (d), requires every employer, including Defendants, to:

"Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned." (Lab. Code, § 1174, subd. (d), emphasis added.)

78.    As explained in detail above, Defendants failed to provide Plaintiffs, the Class Members, and the Aggrieved Employees with accurate itemized wage statements. Defendants did so, in part, because they failed to accurately track hours worked by Plaintiffs, the Class Members, and the Aggrieved Employees. Defendants have thus failed to keep accurate records of the "total hours worked by the employee[s]" in violation of Labor Code section 226, subdivision (a), and are therefore subject to the penalties provided by Labor Code section 226.3. These penalties are "in addition to any other penalty provided by law." (Lab. Code, § 226.3.)

79.    The failure to accurately track hours worked also resulted in a failure of Defendants to keep a record of all "payroll records showing the hours worked daily by" Defendants' employees, including Plaintiffs and the other Class Members, in violation of Labor Code section 1174, subdivision (d).

## V.    CLASS ACTION ALLEGATIONS

80.    As mentioned above, Plaintiffs bring this action on behalf of themselves and the Class Members pursuant to section 382 of the Code of Civil Procedure.

81.    **Numerosity/Ascertainability**: The Class Members are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the class is unknown to Plaintiffs at this time; however, it is estimated that the number of

Class Members is greater than 100 individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

82. **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

A. Whether Defendants' pay policies/practices resulted in a failure to pay the Class Members for all hours worked, including all minimum wages;

B. Whether Defendants' pay policies/practices resulted in a failure to pay the Class Members for all required overtime wages at the Class Members' regular rate of pay;

C. Whether Defendants' rest period policies and practices afforded legally compliant rest periods or compensation in lieu thereof;

D. Whether Defendants' meal period policies and practices afforded legally compliant meal periods or compensation in lieu thereof;

E. Whether Defendants maintained accurate employment records;

F. Whether Defendants timely paid all wages during employment;

G. Whether Defendants timely paid all wages earned and unpaid at separation;

H. Whether Defendants indemnified their employees for all necessary business expenditures;

I. Whether Defendants furnished legally-compliant wage statements to the Class Members pursuant to Labor Code section 226; and

J. Whether Defendants' violations of the Labor Code and the Applicable Wage Order amounted to a violation of California's UCL.

83. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual Class Members. The common questions of law set forth above are numerous and substantial and stem from

Defendants' uniform policies and practices applicable to each individual class member, such as Defendants' uniform policy and practice of failing to pay for all hours worked, Defendants' uniform policies and practices which failed to provide compliant rest periods, Defendants' uniform policies and practices which failed to provide compliant meal periods, Defendants' failure to provide accurate itemized wage statements, and others. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

84.    **Typicality**: The claims of Plaintiffs are typical of the claims of the Class Members because Plaintiffs were employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pleaded in this complaint. As alleged herein, Plaintiffs, like the other Class Members, was deprived of minimum, regular, and overtime wages because of Defendants' unlawful timekeeping policies and practices, was deprived of rest periods and premium wages in lieu thereof, was deprived of meal periods and premium wages in lieu thereof, was subject to Defendants' uniform rest period policies and practices, was subject to Defendants' uniform meal period policies and practices, was not provided accurate itemized wage statements, was not paid all wages in full and on time, , and was subject to other similar policies and practices to which the Class Members were subject.

85.    **Adequacy of Representation**: Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class Members. Moreover, Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the Class Members and Plaintiffs. Plaintiffs' attorneys have prosecuted numerous wage-and-hour class actions in state and federal court in the past and are committed to vigorously prosecuting this action on behalf of the Class Members.

86.    **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working

1    employee from exploitation by employers who have the responsibility to follow the laws
2    and who may seek to take advantage of superior economic and bargaining power in
3    setting onerous terms and conditions of employment. The nature of this action and the
4    format of laws available to Plaintiffs and the Class Members make the class action
5    format a particularly efficient and appropriate procedure to redress the violations alleged
6    herein. If each employee were required to file an individual lawsuit, Defendants would
7    necessarily gain an unconscionable advantage since they would be able to exploit and
8    overwhelm the limited resources of each individual plaintiff with their vastly superior
9    financial and legal resources.

10        87.    Moreover, requiring each Class Member to pursue an individual remedy
11    would also discourage the assertion of lawful claims by employees who would be
12    disinclined to file an action against their former or current employer for real and
13    justifiable fear of retaliation and permanent damages to their careers at subsequent
14    employment. Further, the prosecution of separate actions by the individual Class
15    Members, even if possible, would create a substantial risk of inconsistent or varying
16    verdicts or adjudications with respect to the individual Class Members against
17    Defendants herein, and which would establish potentially incompatible standards of
18    conduct for Defendants or legal determinations with respect to individual Class
19    Members which would, as a practical matter, be dispositive of the interest of the other
20    Class Members not parties to adjudications or which would substantially impair or
21    impede the ability of the Class Members to protect their interests.

22        88.    Further, the claims of the individual Class Members are not sufficiently
23    large to warrant vigorous individual prosecution considering the concomitant costs and
24    expenses attending thereto. As such, the Class Members identified above are
25    maintainable as a class under section 382 of the Code of Civil Procedure.

26    **VI.    <u>EXHAUSTION OF REMEDIES</u>**

27        89.    Plaintiffs have fully and completely exhausted administrative remedies
28    under PAGA prior to proceeding with the PAGA claims stated in this complaint.

1   Plaintiffs filed a PAGA notice online with the Labor Workforce Development Agency

2   ("LWDA") and sent a letter by certified mail to Defendants setting forth the facts and

3   theories of the violations alleged against Defendants, as prescribed by PAGA. (Lab.

4   Code, §§ 2698–2699.6.)

5       90.     As required by PAGA, Plaintiffs submitted the $75.00 filing fee with the

6   LWDA by regular mail. Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A),

7   no notice was received by Plaintiffs from the LWDA evidencing its intention to

8   investigate within sixty-five calendar days of the postmark date of the PAGA notice.

9   Plaintiffs are therefore entitled to commence and proceed with a civil action pursuant to

10  Labor Code section 2699.

11  **VII.   <u>CAUSES OF ACTION</u>**

12              <u>**FIRST CAUSE OF ACTION**</u>

13          *Willful Misclassification as Independent Contractor*

14                  *(Against all Defendants)*

15      91.     Plaintiffs reallege and incorporate by reference all previous paragraphs.

16      92.     At all relevant times, Plaintiffs were employees of Defendants for purposes

17  of the California Labor Code, although she was willfully misclassified as independent

18  contractors.

19      93.     Defendants intentionally misclassified Plaintiffs as independent

20  contractors, in violation of Labor Code section 226.8(a) and public policy.  This

21  intentional misclassification was part of a pattern and practice of willful

22  misclassification, thereby triggering heightened penalties under sections 226.8(b) and

23  (c).

24      94.     As a direct and proximate result of Defendants' unlawful conduct as alleged

25  herein, Plaintiffs have sustained economic damages, including but not limited to unpaid

26  wages and lost interest, in an amount to be established, and they are entitled to recover

27  economic and statutory damages and penalties, and other appropriate relief because of

28  Defendants' violations of the Labor Code and Applicable Wage Orders.

95.    Plaintiffs, by this action, seek to recover either the penalties specified in Labor Code section 226.8(b) or, upon a finding that the Defendants engaged in a pattern or practice of willful misclassification, penalties as specified in Labor Code section 226.8(c) in lieu of the penalties in 226.8(b).

## SECOND CAUSE OF ACTION

*Failure to Pay All Minimum Wages*

*(Against All Defendants)*

96.    Plaintiffs reallege and incorporate by reference all previous paragraphs.

97.    Section 4 of the Applicable Wage Order and Labor Code section 1197 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. (Lab. Code, § 1197; Cal. Code of Regs., tit. 8, § 11070.) Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance, together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

98.    Here, Defendants failed to fully conform their pay practices to the requirements of the law during the relevant statutory periods. Plaintiffs and the other Class Members were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the Labor Code and the Applicable Wage Order.

99.    Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC Wage Orders prohibit. Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

100.   As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and the other Class Members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief because of Defendants' violations of the Labor Code and Applicable Wage Order.

101.   Defendants' practices and policies regarding illegal employee compensation are unlawful and create an entitlement to recovery by Plaintiffs and the other Class Members in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to Labor Code sections 204, 218.5, 1194, 1194.2, 1197, and 1198, and Code of Civil Procedure section 1021.5.

## **THIRD CAUSE OF ACTION**

*Failure to Pay All Overtime Wages*

*(Against All Defendants)*

102.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

103.   This cause of action is brought pursuant to Labor Code sections 204, 510, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed. At all times relevant herein, Defendants were required to properly pay Plaintiffs and the other Class Members for all overtime wages earned pursuant to Labor Code section 1194 and the Applicable Wage Order. Defendants caused Plaintiffs and the other Class Members to work overtime hours but did not compensate them at one and one-half times their regular rate of pay for such hours in accordance with California law. Likewise, Defendants caused Plaintiffs and the other Class Members to work double-time hours but did not compensate them at twice their regular rate of pay for such hours in accordance with California law.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

104.   Defendants failed to fully conform their pay practices to the requirements of California law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful pay policies and practices of failing to accurately record all the time that non-exempt employees were under the supervision and control of Defendants. The foregoing policies and practices are unlawful and allow Plaintiffs and the other Class Members to recover in a civil action the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to Labor Code section 204, 510, 1194, and 1198, the Applicable Wage Order, and Code of Civil Procedure section 1021.5.

## FOURTH CAUSE OF ACTION

*Failure to Provide Rest Periods and Pay Missed Rest Period Premiums*

*(Against All Defendants)*

105.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

106.   Section 12 of the Applicable Wage Order, and Labor Code section 226.7 establish the right of employees to be provided with a rest period of at least ten minutes for each four hour period worked, or major fraction thereof. (See Cal. Code of Regs., tit. 8, § 11070.)

107.   Due to Defendants' unlawful rest period policies and practices described in detail above, Defendants did not authorize and permit Plaintiffs and the other Class Members to take all rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiffs and the other Class Members at their respective regular rates of pay for each violation, in accordance with California Labor Code section 226.7.

108.   The foregoing violations create an entitlement to recovery by Plaintiffs and the other Class Members in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Order, and California Labor Code section 226.7.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

*Failure to Provide Meal Periods and Pay Missed Meal Period Premiums*

*(Against All Defendants)*

109.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

110.   Plaintiffs are informed and believe and thereon allege, that Defendants failed in their affirmative obligation to provide their hourly non-exempt employees, including Plaintiffs and the other Class Members, with all required meal periods in accordance with the mandates of the Labor Code and the Applicable Wage Order, for the reasons set forth herein above. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiffs and the other Class Members at their respective regular rates of pay for each violation, in accordance with California Labor Code section 226.7.

111.   As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the Applicable Wage Order and Labor Code sections 226.7 and 512, and Civil Code sections 3287, subdivision (b), and 3289. (See Cal. Code of Regs., tit. 8, § 11070.)

**SIXTH CAUSE OF ACTION**

*Failure to Maintain Accurate Employment Records*

*(Against All Defendants)*

112.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

113.   Pursuant to California Labor Code section 1174, subdivision (d), an employer shall keep at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and wages paid to employees employed at the respective plants or establishments. These records must be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

114.    Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.

115.    Defendant has intentionally and willfully failed to keep accurate and complete records showing the hours worked daily and wages paid to Plaintiffs and the other Class Members. Thus, Plaintiffs and the other Class Members have been denied their legal right and protected interest in having available at a central location at the plant or establishment where they are employed, accurate and complete payroll records showing the hours worked daily by, and the wages paid to, employees at those respective locations pursuant to Labor Code 1174.

## SEVENTH CAUSE OF ACTION

*Failure to Pay Wages Timely during Employment*

*(Against All Defendants)*

116.    Plaintiffs reallege and incorporate by reference all previous paragraphs.

117.    Labor Code section 200 provides that "wages" include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation. Labor Code section 204 states that all wages earned by any person in any employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned. Labor Code section 210, subdivision (a), makes employers who violate Labor Code section 204 subject to a penalty of $100 for any initial failure to timely pay each employee's full wages and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld.

118.    Labor Code section 216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

119.    Defendants as a matter of established company policy and procedure in the State of California, scheduled, required, suffered, and/or permitted Plaintiffs and the other Class Members, to work without full compensation, to work without legally-compliant off-duty meal periods, to work without legally-compliant off-duty rest periods, and thereby failed to fully pay Plaintiffs and the other Class Members within seven days of the close of payroll, as required by law.

120.    Defendants, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiffs and the other Class Members these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiffs and the other Class Members.

121.    Defendants' pattern, practice, and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiffs and the other Class Members to recover, pursuant to Labor Code section 218, the unpaid balance of the compensation owed to them in a civil action and any applicable penalties, attorney fees, and interest owed to them pursuant to Labor Code sections 210 and 218.5.

## EIGHTH CAUSE OF ACTION

*Failure to Pay All Wages Earned and Unpaid at Separation*

*(Against All Defendants)*

122.    Plaintiffs reallege and incorporate by reference all previous paragraphs.

123.    The actionable period for this cause of action is three years prior to the filing of this complaint through the present, and ongoing until the violations are corrected or the class is certified. (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1395; *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1109; Code Civ. Proc., § 338, subd. (a).) Labor Code sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to its former employees (including the formerly-employed Class Members) during the actionable

period for this cause of action at or around the time that their employment is or was terminated, or ended.

124.   Section 203 of the Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty workdays.

125.   Due to Defendants' faulty pay policies, those Class Members whose employment with Defendants has concluded were not compensated for each and every hour worked at the appropriate rate. Defendants have willfully failed to pay those formerly-employed Class Members whose sums were certain at the time of termination within seventy-two hours of their resignation and have failed to pay those sums for thirty days thereafter as required by Labor Code sections 201 through 203.

126.   As a result, Defendants are liable to the formerly-employed Class Members for waiting time penalties amounting to thirty days wages for the formerly-employed Class Members pursuant to Labor Code section 203. (See, e.g., DLSE Manual, § 4.3.4 [failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties].)

## NINTH CAUSE OF ACTION

*Failure to Indemnify All Necessary Business Expenditures*

*(Against All Defendants)*

127.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

128.   California Labor Code Section 2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." Likewise, Labor Code section 2804 states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1  deprive any employee or his personal representative of any right or remedy to which he
2  is entitled under the laws of this State."

3  129.   Here, Plaintiffs and the other Class Members paid out of pocket for
4  necessary business expenditures incurred as a direct consequence and requirement of
5  performing their job duties, including the costs associated with their personal cell phone
6  they required to perform their work. Despite knowing that Plaintiffs and the other Class
7  Members incurred these necessary business expenses, and requiring Plaintiffs and the
8  other Class Members to use such items, Defendants did not reimburse them.

9  130.   Thus, Plaintiffs and the other Class Members are entitled to recover the cost
10 of such necessary business expenses, plus interest from the date each incurred such
11 business expenses, plus fees and costs. (Lab. Code, § 2802, subds. (b), (c).)

12                        **TENTH CAUSE OF ACTION**

13                *Failure to Furnish Accurate Itemized Wage Statements*

14                           *(Against All Defendants)*

15 131.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

16 132.   Labor Code section 226, subdivision (a), obligates employers, semi-
17 monthly or at the time of each payment to furnish an itemized wage statement in writing
18 showing:

19               (1)    The gross wages earned;

20               (2)    The total hours worked by the employee;

21               (3)    The number of piece-rate units earned and any
22                      applicable piece rate if the employee is paid on a piece rate
23                      basis;

24               (4)    All deductions, provided that all deductions made on
25                      written orders of the employee may be aggregated and shown
26                      as one item;

27               (5)    The net wages earned;

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

(6)    The inclusive dates of the period for which the employee is paid;

(7)    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;

(8)    The name and address of the legal entity that is the employer; and

(9)    All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

133.   As set forth above, Defendants issued and continues to issue wage statements to its non-exempt employees including Plaintiffs and the other Class Members that are inadequate under Labor Code section 226, subdivision (a). By failing to pay Plaintiffs and the other Class Members properly as described above, Defendants failed to include required information on their wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226, subdivision (a).

134.   Defendants' failure to comply with Labor Code section 226, subdivision (a), of the Labor Code was knowing and intentional. (Lab. Code, § 226, subd. (e)).

135.   As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiffs and the other Class Members in violation of Labor Code section 226, subdivision (a), Plaintiffs and the other Class Members are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per each Class Member from Defendants pursuant to Labor Code section 226, subdivision (e), along with costs and reasonable attorneys' fees.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

# **ELEVENTH CAUSE OF ACTION**

*Violations of California's Unfair Competition Law*

*(Against All Defendants)*

136.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

137.   Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code section 17200 through 17210, by committing the unlawful acts described above. Defendants' utilization of these unfair and unlawful business practices deprived and continue to deprive Plaintiffs and the other Class Members of compensation to which they are legally entitled. These practices constitute unfair and unlawful competition and provide an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

138.   Because Plaintiffs are victims of Defendants' unfair and unlawful conduct alleged herein, Plaintiffs for themselves and on behalf of the Class Members, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code sections 17203 and 17208.

139.   The acts complained of herein occurred within the four years prior to the initiation of this action and are continuing into the present and ongoing.

140.   Plaintiffs were compelled to retain the services of counsel to file this Court action to protect their interests and those of the Class Members, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees and to enforce important rights affecting the public interest. Plaintiffs have thereby incurred the financial burden of attorneys' fees and costs, which Plaintiffs are entitled to recover under Code of Civil Procedure section 1021.5.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1

**TWELFTH CAUSE OF ACTION**

2

*Penalties Pursuant to PAGA for Violations of California Labor Code*

3

*Sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 256, 510, 512,*

4

*1174, 1174.5,1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199,*

5

*2802, 2804, and Other Provisions of the Labor Code*

6

*(Michelle Raith, Raul Alfaro, and Shari Baugh Against All Defendants)*

7

141.   Plaintiffs reallege and incorporate by reference all previous paragraphs.

8

142.   Based on the above allegations incorporated by reference, Defendants

9

violated Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 256,

10

510, 512, 1174, 1174.5,1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802,

11

2804, and others that may be applicable; and the Applicable Wage Order (Cal. Code of

12

Regs., tit. 8, § 11070), and others that may be applicable.

13

143.   As a result of the acts alleged above, Plaintiffs seek penalties under Labor

14

Code sections 2698 through 2699.6 because of Defendants' violation of Labor Code

15

sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 256, 510, 512, 1174,

16

1174.5,1185, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2802, 2804, and others

17

that may be applicable; and the Applicable Wage Order (Cal. Code of Regs., tit. 8, §

18

11070), and others that may be applicable.

19

144.   Under Labor Code section 2699, subdivision (f)(2), and 2699.5, for each

20

such violation, Plaintiffs and the Aggrieved Employees are entitled to penalties in an

21

amount to be shown at the time of trial subject to the following formula:

22

A.   $100 for the initial violation per employee per pay period; and

23

B.   $200 for each subsequent violation per employee per pay period.

24

145.   These penalties must be allocated seventy-five percent to the Labor and

25

Workforce Development Agency ("LWDA") and twenty-five percent to the affected

26

employees. These penalties may be stacked separately for each of Defendants violations

27

of the California Labor Code. (*Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th

28

773, 780–781 [citing with approval *Stoddart v. Express Services, Inc.* (E.D. Cal., Sept.

16, 2015, No. 2:12-CV-01054-KJM) 2015 WL 5522142, at *9, for the proposition that plaintiff could pursue separate claims for penalties under Labor Code section 226, subdivision (e), and penalties for Labor Code section 226, subdivision (a), violations]; see also *Hernandez v. Towne Park, Ltd.* (C.D. Cal., June 22, 2012, No. CV 12-02972 MMM JCGX) 2012 WL 2373372, at *17 fn. 70 [noting that federal courts applying California law have found that "PAGA penalties can be stacked, i.e., multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."], internal quotation marks omitted).

146.   In addition, to the extent permitted by law, Defendants failed to provide Plaintiffs and all Aggrieved Employees with accurate itemized wage statements in compliance with Labor Code section 226, subdivision (a). Plaintiffs seek separate PAGA penalties for Defendants' violations of Labor Code section 226, subdivisions (a) and (e). (*Lopez v. Friant & Associates, LLC*, *supra*, 15 Cal.App.5th at pp. 780, 788.)

147.   For violations of Labor Code section 226, subdivision (a), Plaintiffs seek the default penalty provided by Labor Code section 226.3. Labor Code section 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." Accordingly, through PAGA and to the extent permitted by law Plaintiffs and the Aggrieved Employees are entitled to recover penalties for violations of Labor Code section 226.3 and seek default PAGA penalties for each of Defendants' numerous violations of Labor Code section 226, subdivision (e).

148.   Labor Code section 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections . . . 204 . . . shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars

1   ($100) for each failure to pay each employee; (2) For each subsequent violation, or any

2   willful or intentional violation, two hundred dollars ($200) for each failure to pay each

3   employee, plus 25% of the amount unlawfully withheld." As a result of the faulty

4   compensation policies and practices, Plaintiffs and the Aggrieved Employees are also

5   entitled to recover penalties under Labor Code section 210 through PAGA.

6       149.   Labor Code section 1197.1 authorizes a civil penalty, restitution of wages,

7   and liquidated damages, in the amount of: (1) one hundred dollars ($100) for any initial

8   violation that is intentionally committed for each underpaid employee for each pay

9   period for which the employee is underpaid, and (2) two hundred fifty dollars ($250) for

10  each subsequent violation for the same specific offense for each underpaid employee for

11  each pay period for which the employee is underpaid regardless of whether the initial

12  violation is intentionally committed. Accordingly, through PAGA and to the extent

13  permitted by law, Plaintiffs and the Aggrieved Employees are entitled to recover

14  pursuant to Labor Code section 1197.1.

15      150.   Plaintiffs were compelled to retain the services of counsel to file this action

16  to protect their interests and those of the Aggrieved Employees, and to assess and collect

17  the wages and penalties owed by Defendants. Plaintiffs have thereby incurred attorneys'

18  fees and costs, which Plaintiffs are also entitled to recover under Labor Code section

19  2699, subdivision (g)(1).

20  **VIII.  <u>DEMAND FOR JURY TRIAL</u>**

21      151.   Plaintiffs hereby demand trial by jury of Plaintiffs' and the Class Members'

22  claims against Defendants.

23  **IX.   <u>PRAYER FOR RELIEF</u>**

24      Plaintiffs pray for judgment for themselves and for all others on whose behalf this

25  suit is brought against Defendants, as follows:

26  **1.**     For an order certifying the proposed class;

27  **2.**     For an order appointing Plaintiffs as representatives of the class;

28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

3.  For willful misclassification as independent contractors, at a minimum, penalties specified in Labor Code section 226.8(b).  If the Court determines that Defendants engaged in a pattern or practice of willful misclassification, that Plaintiffs and the Class Members be awarded penalties as specified in Labor Code section 226.8(c) in lieu of the penalties in 226.8(b);

4.  For an order appointing Plaintiffs' counsel as counsel for the class;

5.  For the failure to pay all minimum wages, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code sections 1194, 1194.2, 1197, and others as may be applicable;

6.  For the failure to pay all overtime wages, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code sections 204, 510, 1194, 1198, and others as may be applicable;

7.  For the failure to provide rest periods and pay missed rest period premiums, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code section 226.7;

8.  For the failure to provide meal periods and pay missed meal period premiums, compensatory, consequential, general, and special damages according to proof pursuant to Labor Code sections 226.7 and 512;

9.  For the failure to maintain accurate employment records, penalties pursuant to Labor Code sections 226.3, 1174.5, and others that may be applicable;

10. For the failure to pay wages timely during employment, the unpaid balance of the compensation owed to Plaintiffs and the other Class Members and any applicable penalties owed to them pursuant to Labor Code section 210;

11. For the failure to pay all wages earned and unpaid at separation, statutory waiting time penalties pursuant to Labor Code sections 201 through 203, for the Class Members who quit or were fired in an amount equal to their daily wage multiplied by thirty days, as may be proven;

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

12.  For the failure to indemnify all necessary business expenditures, all unreimbursed business expenses, and interest thereon, that are owed, pursuant to Labor Code section 2802, and attorney fees, pursuant to Labor Code section 2802, subdivision (c);

13.  For the violations of California's Unfair Competition Law, restitution to Plaintiffs and the other Class Members of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code sections 17200 through 17210;

14.  For the claim of penalties pursuant to PAGA and other provisions of the California Labor Code, a civil penalty in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in Labor Code section 2699, subdivision (f)(2), in the representative action brought on behalf of Plaintiffs and the Aggrieved Employees pursuant the Labor Code Private Attorneys General Act of 2004, and for civil penalties available under Labor Code section 210;

15.  Prejudgment interest on all due and unpaid wages pursuant to Labor Code section 218.6 and Civil Code sections 3287 and 3289;

16.  On all causes of action for which attorneys' fees may be available, for attorneys' fees and costs as provided by Labor Code sections 218.5, 226, Code of Civil Procedure section 1021.5, and others as may be applicable;

17.  For an order enjoining Defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint; and

18.  For such other and further relief, this Court may deem just and proper.

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT

1
2

Dated: January 2, 2025

MELMED LAW GROUP P.C.

3

*/s/ Jonathan Melmed*

4

**JONATHAN MELMED**

5

Attorneys for Plaintiffs, the Putative Class, and the Aggrieved Employees

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT