UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA PEREZ, an individual, et al., on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>TRAX RETAIL, INC., a Delaware corporation and Does 1-50,<br><br>　　　　　　　　　　Defendants. | Case No.: 24cv333-LL-DDL<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO FILE SUR-REPLY**<br><br>**[ECF No. 51]** |

　　　　Before the Court is Plaintiffs' Ex Parte Application for Leave to File Sur-Reply in connection with Defendants' Motion to Compel Arbitration, Dismiss Class Allegations, and Stay PAGA Proceedings. ECF No. 51. The reason for Plaintiffs' request is because they will purportedly "suffer irreparable harm if they are not allowed to provide additional briefing addressing the arguments presented in Defendants' Reply regarding the operative Independent Contractor Agreement and the Arbitration Agreement contained therein." *Id.* (citing Melmed Decl. ¶ 3). Plaintiffs state that they "timely filed their opposition [to Defendants' Motion to Compel] on February 21, 2025, but mistakenly attached the outdated alleged Independent Contractor Agreement." *Id.* Plaintiffs further state that "Defendants filed their Reply on February 28, 2025, pointing out this error." *Id.* Defendants filed an Opposition to Plaintiffs' Ex Parte Application on March 4, 2025 stating that Plaintiffs' Ex Parte Motion should be denied because: (1) Plaintiffs failed to comply with

1

the Court rules for Ex Parte relief; (2) sur-replies are disfavored; (3) Plaintiffs cannot show excusable neglect; and (4) Plaintiffs will not suffer prejudice. ECF No. 52. For the reasons stated below, the Court **DENIES** Plaintiffs' Ex Parte Motion.

Because neither the Federal Rules of Civil Procedure nor this District's Local Rules provide litigants a right to file a sur-reply, which leaves the question of whether to "permit the filing of a sur-reply within the discretion of the district court." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2019). Allowing the filing of a sur-reply is within the discretion of the district court, "but only where a valid reason for such additional briefing exists." *Nat'l Cas. Co. v. Nat'l Strength and Conditioning Ass'n,* 2020 WL 2991508, at *1 (S.D. Cal. June 4, 2020) (quoting *Whitewater W. Indus.,* 2018 WL 3198800, at *1).

Here, the Court agrees with Defendant that the Reply does not raise any new facts or arguments, which would be one valid reason to allow a movant's request for a surreply. *See United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015). Additionally, although Plaintiffs seek to supplement their briefing to address specific provisions of the operative Arbitration Agreement, the Court finds that Plaintiffs have already clarified the record to state that it is their position that even the applicable Arbitration Agreement "remains substantively and procedurally unconscionable." ECF No. 51 at ¶ 5. Plaintiffs state that "Defendants' Independent Contractor Agreement is Invalid, Regardless of the Version, Rendering the Arbitration Agreement Therein Unenforceable and Inseverable." *Id.* at ¶ 4. At this time, the Court finds it unnecessary to allow Plaintiffs to file a Sur-Reply. To the extent the Court determines that it needs additional briefing from Plaintiffs on this issue upon further review of the Motion to Compel Arbitration, the Court will order additional briefing at that time.

**IT IS SO ORDERED**.

Dated: March 11, 2025

Honorable Linda Lopez
United States District Judge